# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-cv-01165-MJR |
| BRENDA CLAUDIA, DION DIXON, DARRYL JOHNSON, JASON GARNETT, STEVE BIBY, DONALD GAETZ, MARK SHAFER, ALLYSA WILLIAMS-SCHAFER, TRACY BUCKLEY, ADAM MONREAL, ALAN MARTIN, S.A. GODINEZ, MICHELLE BUSHER, JONATHON BARNARD, ANITA RODRIGUEZ, QUINCY, ILLINOIS, and HIEDI HILDEBRAND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff William Dale Carter, a former Illinois Department of Corrections inmate at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights in connection with his being inappropriately labeled a "sex offender" for purposes of parole considerations. Carter also asserts related state law claims, invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1346. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) (Doc. 2).

According to 28 U.S.C. § 1915(e)(2), a district court must screen all complaints accompanied by an IFP request for failure to state a claim, among other things." *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013). A request to proceed IFP must be denied if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting documentation, the Court finds it appropriate to exercise its authority under Section 1915(e)(2) to summarily dismiss all federal claims and decline supplemental jurisdiction over Plaintiff's state law claims.

**The Complaint**

Plaintiff Carter was convicted in 2002 of home invasion, but the jury found him not guilty of two charges of criminal sexual assault (involving a deadly weapon, and causing bodily harm). *See* Doc. 1-2, pp. 6, 11; *People v. Carter*, 841 N.E.2d 1052, 1057 (Ill. App. Ct. 2005) (noting the jury verdict). Plaintiff contends that all defendants are, individually and in conspiracy, punishing him as a sex offender, when he was only found guilty of home invasion.

> [T]hey knowingly, willfully, and maliciously violated administrative codes, rules; state laws, and Carter[']s fundamental constitutional rights of equal protection of the laws; liberty interests; privacy rights; due process rights; familial rights; rights to petition the courts for redress of grievances; freedom of religion; the rights of the double jeopardy clause, and more (Ex Post Facto clause, etc.)

(Doc. 1, p. 3).

The complaint presents allegations against each of the defendants in turn. The Court will follow suit. Because supplemental jurisdiction over the state law claims is generally predicated upon federal jurisdiction (in this scenario, the Section 1983 claims), the court will focus on whether the complaint states any colorable constitutional claims. *See* 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). Although Plaintiff has attached an exhaustive list of labels to his claims, the Court will only discuss those constitutional claims reasonably associated with the allegations in the complaint. *See Williams v. Dieball,* 724 F.3d 957, 963 (7th Cir. 2013) ("Judges are not clairvoyant, and if they were required to go out of their way to analyze every conceivable argument not meaningfully raised, their work would never end.").

### Discussion

Plaintiff Carter is no stranger to the Court. Recently, U.S. District Judge J. Phil Gilbert dismissed a Section 1983 action Carter lodged against numerous state officials (some also named as defendants in the present case) regarding essentially the same issues raised in this case. *Carter v. Rhine*, No. 12-cv-1205-JPG-PMF (S.D. Ill. Oct. 29, 2013). Because defendants and claims were dismissed without prejudice, and leave to amend was denied without prejudice, the Court will entertain this second action. The analysis is not identical, as the two complaints are not identical.

### Conspiracy

As a preliminary matter, the Court must dismiss all allegations of a conspiracy.

The allegations of conspiracy are conclusory and insufficient under the *Twombly* pleading standard. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't,* 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't,* 197 F.3d 256, 263 (7th Cir.1999)). It is well-established that "conspiracy is not an independent basis of liability in [Section] 1983 actions." *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008).

The complaint does not describe a meeting of the minds; rather, all Plaintiff offers is the fact that each defendant participated in some way in the process of determining his parole

eligibility and conditions of release. Therefore, all conspiracy claims in the complaint must be dismissed without prejudice.

**Count 1: Steve Biby**

Defendant Steve Biby works at Pinckneyville Correctional Center and is responsible for calculating custody/parole time. Biby, ignored Plaintiff Carter's letters and grievances asserting that Plaintiff had completed his term of imprisonment. Consequently, Biby, without penological justification, caused Plaintiff to serve 60% of his prescribed sentence, rather than the 50% under the day-for day sentencing credit scheme prescribed by 730 ILCS 5/3-6-3.

Plaintiff's claim pertains to the duration of his term in prison and, in essence, alleges that Biby violated Plaintiff's Fourteenth Amendment right to due process.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), makes clear that Section 1983 may be used to challenge state parole procedures without running afoul of *Heck v. Humphrey*, 512 U.S. 477, 487 (1984), which prohibits using Section 1983 to collaterally attack the fact of confinement or sentence. Therefore, Plaintiff can use Section 1983 to seek damages because, at this point in time, a judgment in his favor would not undermine his conviction and sentence, or result in his immediate or speedier release. *Wilkinson*, 544 U.S. at 81. *See also Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). Nevertheless, Plaintiff's due process claim fails.

There is no liberty interest in parole under the Illinois system that would trigger Fourteenth Amendment due process protection—regardless of whether Plaintiff was imprisoned longer because he was falsely labeled a sex offender. *See Heidelberg v.*

*Illinois Prison Review Board*, 163 F.3d 1025, 1026-27 (7th Cir. 1998) (citing *Hanrahan v. Williams*, 673 N.E.2d 251 (Ill. 1996), for the proposition that Illinois's parole scheme is discretionary, not creating a liberty interest)). The Fourteenth Amendment due process claim against Biby will be dismissed with prejudice.

Plaintiff characterizes Biby's action as "retaliation" (Doc. 1, p. 7). The First Amendment only affords protection against retaliation for exercising a First Amendment right. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). Plaintiff fails to cite a the basis for retaliation; therefore, he has failed to state a retaliation claim and his First Amendment claim will be dismissed without prejudice.

**Count 2: Donald Gaetz**

Donald Gaetz was the warden at Pinckneyville Correctional Center while Plaintiff Carter was incarcerated there. It is alleged that Gaetz was aware of Plaintiff's "illegal custody and parole" because of letters and grievances and lower court actions. Plaintiff asserts that Warden Gaetz has supervisory liability; he failed to train prison staff; and he "implemented illegal 'unwritten policies' to retaliate and excessively punish Carter" (Doc. 1, p. 8).

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The Court further notes that merely knowing about a constitutional violation and failing to cure it is

generally insufficient; only persons who cause or participate in the violations are responsible. *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006), *overruled on other grounds, Hill v. Tangherlini,* 724 F.3d 965, 967 n. 1 (7th Cir. 2013). Similarly, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [alleged constitutional] violation." *George v. Smith*, 506 F.3d 605, 609 (7th Cir. 2007).

More to the point, although a supervisor can be liable under Section 1983 on a failure-to-train theory (*see generally Kitzman-Kelley on behalf of Kitzman-Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000) (requiring the supervisor be deliberately indifferent)), this claim against Warden Gaetz is merely a conclusory assertion echoing the failed *respondeat superior* allegations.

For the reasons stated, all claims against Donald Gaetz will be dismissed with prejudice.

**Count 3: Adam Monreal**

Adam Monreal, Director of the Prisoner Review Board, was allegedly aware of the Board's punishment based on the false sex offender label, and has "supervisory liability" (Doc. 1, p. 8). It is specifically alleged that Monreal implemented "illegal unwritten policies," thereby violating Plaintiff Carter's constitutional right to due process, and imposing cruel and unusual punishment in violation of the Eighth Amendment (Doc. 1, p. 8).

As discussed relative to Counts 1 and 2, Plaintiff has no due process right to parole, and supervisory liability, alone, is insufficient for Section 1983 liability. The complaint offers only conclusory assertions that do not satisfy the *Twombly* standard.

Although the Eighth Amendment claim prohibits cruel and unusual punishment, such a claim must be premised upon deliberate indifference. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Again, the complaint does not offer any basis for finding a plausible claim.

All claims against Adam Monreal shall be dismissed with prejudice, as they are all premised upon his supervisory role.

**Count 4: Jonathon Barnard**

Jonathon Barnard, the State's Attorney for Adams County, prosecuted Plaintiff. Ten years later, when Plaintiff was released on parole, Carter wrote to the Illinois Department of Corrections, in anticipation of Carter's imminent release on mandatory supervised release (Doc. 1-2, pp. 12-13). Barnard discussed the case, Carter's apparent attitudes toward law enforcement and "frightening" behavior before and after conviction, and he indicated that Plaintiff Carter was "associated with some sort of militia group." Barnard stated, "I strongly urge the Illinois Department of Corrections to put in place the most stringent monitoring program available with regard to this particular inmate." Constant GPS monitoring and close supervision were recommended. Plaintiff was ultimately placed on GPS monitoring and strict monitoring—conditions he eventually violated, causing his parole to be revoked.

Plaintiff contends that Barnard had him labeled a sex offender and militia member, constituting malicious prosecution, retaliation, deliberate indifference and a due process violation.

It must be initially noted that these allegations are conclusory, ignoring the fact that Barnard offered merely a recommendation; he did not make the decision

imposing the strict conditions of supervision. In any event, Plaintiff's claims fail for other reasons.

Labeling a person a sex offender, alone, does not trigger a liberty interest and trigger Fourteenth Amendment due process protections. *See Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). The same rationale would preclude a due process claim premised upon labeling one a militia member.

Terms of parole must be challenged under 28 U.S.C. § 2254, not 42 U.S.C. § 1983. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003).

Malicious prosecution is a tort claim under Illinois law that precludes a Section 1983 action. *See Parish v. City of Chicago*, 594 F.3d 551 (7th Cir. 2009); *Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001). Illinois offers a remedy for malicious prosecution exclusively through the Illinois Court of Claims, thereby depriving this federal court of subject matter jurisdiction. *See* 705 ILCS 505/1 *et seq.*; *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

For these reasons, all claims against Jonathon Barnard will be dismissed with prejudice.

### Count 5: Quincy, Illinois

The complaint asserts that the municipality of Quincy, Illinois, where Jonathon Barnard was elected State's Attorney, is responsible for Barnard's action. Because all claims against Barnard have been dismissed, no further discussion regarding Quincy, Illinois' liability is warranted. Quincy, Illinois shall be dismissed with prejudice.

**Count 6: Mark Schafer**

Mark Schafer was the parole agent who signed Carter's violation report in December 2011 (*see* Doc. 1-2, pp. 15-16). The violation was issued even before Carter could actually be released from prison. Carter alleges that he was denied due process because he never had a hearing on the violation.

*Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), holds that parole revocation requires "some ordinary process, however informal," including written notice of the alleged parole violation, disclosure of the evidence against the parolee, and an opportunity to be heard and present evidence. Consistent with *Morrissey,* notice, a preliminary hearing and, if necessary, a final hearing, are required under 20 Ill. Admin.Code § 1610.140. *See Lee v. Findley*, 835 N.E.2d 985, 988 (Ill.App. 4th Dist. 2005). Regardless of whether *Heck v. Humphrey* is applicable, Plaintiff Carter has pleaded himself out of court.

A review of the documentation attached to the complaint reveals that Carter's parole was not revoked; rather, he secured an approved host cite just after the violation was issued by Defendant Schafer, so no probable cause was found for the violation (*see* Doc. 1-2, p. 18 (preliminary hearing report)). In terms of the short period of time between the date Carter should have been released and when the preliminary hearing report was issued finding no probable cause, Carter had been issued a written violation report (*see* Doc. 1-2, pp. 15-16, 17).

Insofar as Plaintiff is challenging the revocation of his parole without a hearing, his claims are foreclosed by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). *Heck* applies to re-imprisonment upon revocation of parole. See *Wilkinson v. Dotson,* 544 U.S.

74, 81–82 (2005); *Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir. 2000).

Plaintiff also incorrectly contends that Schafer's violation report falsely indicated Plaintiff did not have a place to go if released on parole. Schafer's violation report indicated Carter did not have a "*suitable* host site" from which to be electronically monitored (*see* Doc. 1-2, p. 15 (emphasis added)). In any event, any misstatement regarding a host cite and the obviously incorrect statement that the parole violation was a sex offense (Doc. 1-2, p. 16) fails to state a constitutional violation, as that statement was not an alleged violation—that was a ministerial portion of the violation report.

All claims against Defendant Mark Schafer shall be dismissed with prejudice.

**Count 7: Allysa Williams-Schafer**

According to the complaint, Illinois Sex Offender Management Coordinator Allyse Williams-Schafer recommended to the Prison Review Board that Carter be required to take sex offender classes and "basically be labeled as a sex offender," in part due to a call from State's Attorney Barnard (Doc. 1, p. 11). Williams-Schafer did not withdraw her recommendation, even after Plaintiff was evaluated and found not to be a sex offender.

Williams-Schafer was not the decision maker; rather, like State's Attorney Barnard, she merely made a recommendation. Again, labeling a person a sex offender, alone, does not trigger a liberty interest and trigger Fourteenth Amendment due process protections. *See Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Therefore, Plaintiff's due process claim against Williams-Schafer will be dismissed with prejudice.

### Count 8: Tracy Buckley

The complaint alleges that Co-Director of the Illinois Prison Review Board refused to remove the sex offender label, despite Carter's evidence that he was not convicted of being a sex offender, and an evaluation showed he was not a sex offender. Plaintiff seeks monetary damages and removal of the label and associated restrictions.

At best, the allegations could serve as the basis of a due process violation. In any event, Plaintiff has no remedy under Section 1983.

Monetary damages cannot be obtained from members of the Illinois Prisoner Review Board. Parole board officers enjoy absolute immunity from damages. *Walker v. Prisoner Review Board,* 769 F.2d 396, 399 (7th Cir.1985). Furthermore, insofar as Plaintiff has sued Buckley in her official capacity, she is protected by sovereign immunity under the Eleventh Amendment. *Kashani v. Purdue University,* 813 F.2d 843, 848 (7th Cir.1987), *cert. denied,* 484 U.S. 846 (1987).

In terms of declaratory or injunctive relief, the alteration of the terms of Carter's ongoing parole is not actionable under Section 1983, which is an ongoing sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1984) (Section 1983 cannot be used to collaterally attack the fact of confinement or sentence); *Lee v. Findley*, 835 N.E.2d 985, 988 (Ill. App. 4th Dist. 2005) (parole/mandatory supervised release is a continuation of custody and part of the sentence).

For these reasons, all Section 1983 claims against Tracy Buckley will be dismissed with prejudice.

### Count 9: Michelle Buscher

According to the complaint, Michelle Buscher issued a parole violation against Plaintiff Carter for returning home a mere 12 minutes past his curfew (*see* Doc. 1-2, p. 20).

Buscher also failed to remove Carter's sex offender label. Plaintiff contends Buscher has violated his right to due process.

Again, labeling a person a sex offender, alone, does not trigger a liberty interest and trigger Fourteenth Amendment due process protections. *See Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693 (1976)).

Plaintiff does not deny that he violated the conditions of his parole, nor does he allege that Buscher denied him procedural due process—he was given a violation report signed by Buscher.

For the reasons stated, all Section 1983 claims against Buscher will be dismissed with prejudice.

**Count 10: Alan Martin**

Plaintiff alleges that Alan Martin, Warden of Shawnee Correctional Center, had supervisory liability over staff, including parole board officials at that facility. It is further asserted that Martin had knowledge of what was happening to Plaintiff, but he did not remedy the situation.

These allegations are conclusory and fail under the *Twombly* pleading standard. Moreover, the allegations against Martin are premised upon the doctrine of *respondeat superior*, which is inapplicable under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, all Section 1983 claims against Alan Martin will be dismissed with prejudice.

**Count 11: S.A. Godinez**

The complaint alleges that Director of the Illinois Department of Corrections ("IDOC") S.A. Godinez has supervisory liability over all IDOC actions,

including the actions of the parole board. The complaint also asserts that Godinez had full knowledge of "the illegal situation" (Doc. 1, p. 14).

These allegations are conclusory and fail under the *Twombly* pleading standard. Moreover, the allegations against Godinez are premised upon the doctrine of *respondeat superior*, which is inapplicable under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, all Section 1983 claims against S.A. Godinez will be dismissed with prejudice.

**Count 11: Heidi Hildebrand**

The complaint alleges that Assistant Attorney General Heidi Hildebrand "has been, and now is actively campaigning, arguing and litigating to have Carter labeled, restricted, and stigmatized as a sex offender" (Doc. 1, p. 15). Carter characterizes Hildebrand's activities as violating the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments—constituting deliberate indifference; violating the due process, double jeopardy and *ex post facto* clauses in the Constitution.

The allegations against Hildebrand are vague and conclusory, failing to meet the *Twombly* pleading standard. Moreover, under *Imbler v. Pachtman,* 424 U.S. 409 (1976), a state prosecuting attorney acting within the scope of his or her duties in initiating and pursuing a criminal prosecution and in presenting the state's case or position is absolutely immune from civil suit for damages under Section 1983 for constitutional violations. Also, under the *Younger* abstention doctrine, this federal court must abstain from taking jurisdiction over constitutional claim that could interfere with ongoing state litigation. *See Younger v. Harris,* 401 U.S. 37 (1971); *see also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (a stay may be appropriate in certain circumstances to overcome a potential bar under the statute of limitations).

The real impact of the *Younger* doctrine on Plaintiff's claims is that injunctive relief is unavailable. *See SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 676 (7th Cir. 2010) (the same principles of equity, comity, and federalism that are the foundation of *Younger* abstention prevent injunctive relief). Consequently, all Section 1983 claims against Hildebrand shall be dismissed with prejudice.

**Defendants Claudia, Dixon, Johnson, Garnett and Rodriguez**

Defendants Brenda Claudia, Dion Dixon, Darryl Johnson, Jason Garnett and Anita Rodriguez are all named as defendants, but there are no allegations against them in the narrative portion of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Claudia, Dixon, Johnson, Garnett and Rodriguez shall be dismissed from this action without prejudice.

**Supplemental Jurisdiction**

Because the complaint fails to state a colorable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012).

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated:

1. All conspiracy claims against all defendants are **DISMISSED without prejudice**;

2. The Fourteenth Amendment due process claim in **COUNT 1** against **STEVE BIBY** is **DISMISSED with prejudice**, and the First Amendment claim in **COUNT 1** against **STEVE BIBY** is **DISMISSED without prejudice**;

3. **COUNT 2** and **DONALD GAETZ** are **DISMISSED with prejudice**;

4. **COUNT 3** and **ADAM MONREAL** are **DISMSSED with prejudice**;

5. **COUNT 4** and **JONATHON BARNARD** are **DISMSSED with prejudice**;

6. **COUNT 5** and **QUINCY, ILLINOIS** are **DISMSSED with prejudice**;

7. **COUNT 6** and **MARK SCHAFER** are **DISMSSED with prejudice**;

8. **COUNT 7** and **ALLYSA WILLIAMS-SCHAFER** are **DISMSSED with prejudice**;

9. **COUNT 8** and **TRACY BUCKLEY** are **DISMSSED with prejudice**;

10. **COUNT 9** and **MICHELLE BUSCHER** are **DISMSSED with prejudice**;

11. **COUNT 10** and **ALAN MARTIN** are **DISMSSED with prejudice**;

12. **COUNT 11** and **S.A. GODINEZ** are **DISMSSED with prejudice**;

13. **COUNT 12** and **HEIDI HILDEBRAND** are **DISMSSED with prejudice**;

14. **BRENDA CLAUDIA**, **DION DIXON**, **DARRYL JOHNSON**, **JASON GARNETT** and **ANITA RODRIGUEZ** are **DISMISSED without prejudice**; and

15. All state law claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, **on or before January 13, 2013**, Plaintiff may file an amended complaint with respect to claims and defendants that were dismissed <u>without</u> prejudice. Any amended complaint shall undergo a preliminary review pursuant to 28 U.S.C. § 1915. Failure to file an amended complaint by the prescribed deadline will result in the entry of final judgment and this case will be closed.

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will not be addressed until after the deadline for filing an amended complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 13, 2013**

                                              s/ *Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              **UNITED STATES DISTRICT JUDGE**